UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAMON RAMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0061-CVE-JFJ |
| ) | |
| SCHLUMBERGER GROUP WELFARE ) | |
| BENEFITS PLAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Award of Attorney's Fees and Costs (Dkt. # 31). Plaintiff filed this case seeking relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. (ERISA). On December 22, 2023, the Court entered an opinion and order (Dkt. # 29) remanding the case for further administrative proceedings, because the plan administrator's decision on plaintiff's second voluntary appeal did not explain the rationale or reasoning for the denial of plaintiff's claim for short term disability (STD) benefits. Plaintiff argues that the Court's ruling constitutes a sufficient degree of success on the merits to support an award of attorney fees in favor of plaintiff. Dkt. # 31, at 4-6. Defendant responds that the Court plainly stated that remand was necessary to correct a procedural error and it was not reaching the merits of plaintiff's ERISA claim. Dkt. # 32. Defendant argues that an award of attorney fees is not appropriate when a plaintiff wins a purely procedural victory and, even if plaintiff achieved some success on the merits, there are no other factors present that support an award of attorney fees. Id.

Plaintiff participated in an employee benefits plan provided by Schlumberger Technology Corporation (Schulumberger). Dkt. # 29, at 1-2. The Schlumberger Group Welfare Benefits Plan (the Plan) provides STD and long-term disability benefits to participants, and the Plan delegates

discretionary authority to administer the disability benefits program to Cigna Group Insurance (Cigna). Id. at 2. On April 6, 2020, Plaintiff contacted Cigna and made a claim for STD benefits, and his claim was initially approved. Id. at 4. Plaintiff received STD benefits until August 20, 2020, but Cigna terminated his benefits after that date due to plaintiff's failure to provide updated medical records. Id. at 6. Plaintiff subsequently provided additional medical records, including a neuropsychological report prepared by Stephen Meharg, Ph. D. Id. Cigna asked a psychologist to review the medical records provided by plaintiff, and the psychologist concluded that evidence did not establish the existence of any mental illness or condition that would cause any functional limitations that would prevent plaintiff from working. Id. at 8. In October 2020, Cigna issued a letter formally denying plaintiff's claim for STD benefits. Id. at 9.

Plaintiff exhausted his administrative remedies by filing a mandatory first appeal of the denial of his benefits claim, and plaintiff did not submit any additional evidence with his appeal. Id. at 9. Cigna had plaintiff's file reviewed by a second psychologist, and Cigna denied plaintiff's appeal after finding no evidence that plaintiff had any functional limitations that prevented him from working. Id. Plaintiff also chose to file a second voluntary appeal to the plan administrator before filing a lawsuit, even though this was not a prerequisite to bringing an ERISA claim against the Plan. Dkt. # 29, at 9. Plaintiff submitted additional medical records in support of his second voluntary appeal, and he agreed to participate in an independent medical examination (IME). Id. at 10. The plan administrator issued a single page letter denying plaintiff's second voluntary appeal, and the letter did not offer any rationale or reasoning for the denial of plaintiff's appeal. Id. at 12.

Plaintiff filed this case seeking judicial review of the denial of his claim for STD benefits. Much of plaintiff's opening brief was devoted to the issue of whether the plan administrator's

decision on plaintiff's second voluntary appeal was subject to judicial review. Dkt. # 21, at 27-30. Plaintiff also argued that the Cigna's decision to deny his claim for STD benefits was arbitrary and capricious. Id. at 31-34. Defendant took the position that plaintiff's second voluntary appeal was "wholly immaterial" and argued that Cigna's decision to deny plaintiff's benefits claim was not arbitrary or capricious. Dkt. # 32, at 22. The Court considered the language of the Plan and determined that the plan administrator's decision on the second voluntary appeal was the final decision subject to judicial review. Dkt. # 29, at 20. The single page denial letter issued by the plan administrator did not provide an adequate basis for judicial review of the denial of plaintiff's claim for STD benefits, and the Court remanded the case to the plan administrator to explain the basis for the denial of plaintiff's second voluntary appeal. Id. at 20-21. The Court stated that it "had identified a procedural error and has not reached plaintiff's arguments concerning the merits of Cigna's or the Plan Administrator's decision to deny plaintiff's claim for STD benefits," and the Court rejected plaintiff's argument that any procedural errors warranted an award of benefits. Id. at 21.

Under 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Unlike many fee-shifting statutes, ERISA does not require that a party seeking attorney fees qualify as a "prevailing party," but the Supreme Court has determined that an ERISA claimant seeking attorney fees achieve "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010). The Tenth Circuit has established five additional factors for district courts to consider before awarding attorney fees when a claimant has met his initial burden to show some success on the merits of his ERISA claim:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Cardoza v. United of Omaha Life Ins. Co., 708 F.3d 1196, 1207 (10th Cir. 2013).

Plaintiff argues that an order remanding a benefits claim for further administrative proceedings can meet the "some degree of success on the merits" standard. The Supreme Court specifically declined to decide whether "a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney fees under § 1132(g)(1)." Hardt, 560 U.S. at 256. Some appellate courts have found that a remand order can qualify as some degree of success on the merits and have found that a remand order can support an award of attorney fees under § 1132(g)(1) in some circumstances. Gorbacheva v. Abbott Laboratories Extended Disability Plan, 794 F. App'x 590, 594 (9th Cir. Dec. 10, 2019); Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73 (1st Cir. 2014); McKay v. Reliance Standard Life Ins. Co., 428 F. App'x 537, 546-47 (6th Cir. June 27, 2011). The Tenth Circuit has issued an unpublished decision finding that a remand order does not constitute some degree of success on the merits unless there are other factors that would support an award of attorney fees. Manna v. Phillips 66 Company, 820 F. App'x 695, 702-03 (10th Cir. 2020).[1]

Plaintiff acknowledges that the Court specifically stated that its remand order was based on a "procedural error" and it was not considering the "merits of Cigna's or the Plan Administrator's decisions to deny plaintiff's claim for STD benefits . . . ." Dkt. # 29, at 21. However, plaintiff

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

argues that he achieved "success . . . on substantive, non-trivial claims in the litigation," and he seeks over $33,000 in attorney fees. Dkt. # 31, at 5; Dkt. # 31-1, at 27. Plaintiff claims that the Court made two substantive rulings in his favor that qualify as "significant successes" for him and will increase his chances of receiving STD benefits. Plaintiff argues that the Court's finding that the Plan Administrator's ruling on plaintiff's second voluntary appeal was the final decision subject to judicial review is a substantive ruling that substantially increases his chances of receiving benefits. Dkt. # 31, at 5. Plaintiff also claims that the Court's ruling means that any additional information or evidence submitted to the plan administrator as part of the second voluntary appeal now becomes part of the administrative record. Id.

      The Court agrees that a remand order can qualify as "some degree of success on the merits" in some cases, but the remand order in this case was strictly a procedural ruling that cannot support an award of attorney fees under § 1132(g)(1). Plaintiff argues that he is more likely to prevail on his benefits claim because the case has been remanded to the plan administrator. Dkt. # 31, at 6. The Court simply identified the plan administrator's failure to provide a sufficient explanation for the denial of plaintiff's second voluntary appeal and remanded the case to supply the missing rationale and reasoning. The Court expressed no opinion on the merits of plaintiff's ERISA claim and nothing in the Court's ruling makes it more or less likely that the plan administrator will award plaintiff STD benefits on remand. Plaintiff also argues that the Court's ruling means that evidence submitted to the plan administrator as part of the second voluntary appeal is now part of the administrative record, and he asserts that this will increase the likelihood that he will prevail on his ERISA claim. Id. at 5. The additional evidence submitted as part of plaintiff's second voluntary appeal primarily consists of a supplemental letter from Dr. Meharg and the results of the IME. Even if the Court were to

5

assume that the evidence will be significant, the consideration of additional evidence was merely an incidental side-effect of the Court's remand order, and it is unclear whether this evidence will have an impact on a judicial review of plaintiff's ERISA claim. Plaintiff has not shown that the Court's remand order constitutes "some degree of success on the merits," and plaintiff has not satisfied the threshold requirement for an award of attorney fees under § 1132(g)(1). Ariana V. v. Humana Health Plan of Texas, Inc., 792 F. App'x 287 (5th Cir. Nov. 2019) (purely procedural success on an ERISA claim was insufficient for award of attorney fees).

    Even if plaintiff had shown some degree of success on the merits, the Court would also have to consider whether the five Cardoza factors would support an award of attorney fees. The first Cardoza factor is the degree of the defendant's culpability or bad faith. The Court found that the language of the benefits plan supported plaintiff's argument that the decision on the second voluntary appeal was subject to judicial review, even though defendant argued that this was not the intent of the Plan. Dkt. # 29, at 20. There was no evidence suggesting defendant acted in bad faith by arguing that Cigna's decision on the mandatory first appeal was the final decision on plaintiff's STD benefits claim. The second Cardoza factor (ability to pay attorney fees) would support an award of attorney fees, and defendant does not dispute that it could pay the fees requested by plaintiff. Dkt. # 32, at 9. The third Cardoza factor is whether an award of attorney fees would deter other benefits plans from acting in the same manner as defendant. The circumstances giving rise to the remand of plaintiff's ERISA claim are relatively unique, and plaintiff has made no attempt to show that a similar situation is likely to reoccur. Dkt. # 31, at 8. Deterrence is not a relevant consideration for an award of attorney fees in this case, and the third Cardoza factor does not support an award of attorney fees. As to the fourth Cardoza factor (benefit to other plan participants), plaintiff

acknowledges that he did not file this case seeking benefits for all members of the benefits plan, but he argues that the Court's ruling provided clarification that will assist all plan members if they choose to seek a second voluntary appeal. The Court's ruling could have theoretically clarified a matter relating to all plan participants, but the Plan has subsequently been amended to eliminate a claimant's right to a second voluntary appeal. Dkt. # 32, at 10. Finally, the fifth Cardoza factor concerning the relative merits of the parties' positions is not applicable, because the Court expressly declined to rule on the merits of plaintiff's ERISA claim. Considering all of the factors, plaintiff has not shown that the Cardoza factors would support an award of attorney fees in favor of plaintiff.

      Plaintiff's motion for attorney fees (Dkt. # 31) is denied. Plaintiff has not obtained any relief that can be categorized as success on the merits of his ERISA claim, and he has not satisfied the threshold requirement for an award of attorney fees under § 1132(g)(1). Plaintiff also has not shown that the Cardoza factors would likely support an award of attorney fees at this stage of the parties' dispute. This does not mean that plaintiff will not be able to recover attorney fees incurred during this litigation, and it also possible that he may be able to recover reasonable attorney fees incurred during the administrative proceedings on remand. Peterson v. Continental Cas. Co., 282 F.3d 112, 119 (2d Cir. 2002) (plaintiff may not recover attorney fees incurred during administrative proceedings for initial claim processing, but a plaintiff may be awarded attorney fees for subsequent judicial action and administrative proceedings on court-ordered remand). The Court has simply determined that plaintiff's request for attorney fees is premature, because he has not achieved any success on the merits of his ERISA claim. If plaintiff is ultimately successful on the merits of his ERISA claim, he may file a motion to recover all of the attorney fees he has incurred in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Award of Attorney's Fees and Costs (Dkt. # 31) is **denied**.

**DATED** this 22nd day of February, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE