## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAMON RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0061-CVE-JFJ |
| | ) | |
| SCHLUMBERGER GROUP WELFARE | ) | |
| BENEFITS PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

Now before the Court is plaintiff's Motion to Reopen Case and Brief in Support (Dkt. # 37).

Plaintiff filed this case asserting a claim under the Employee Retirement Income Security Act of

1974, 29 U.S.C. § 1101 <u>et</u> <u>seq.</u> (ERISA).  Plaintiff argues that the Schlumberger Group Welfare

Benefits Plan (the Plan) unreasonably delayed in complying with the Court's remand order.  He asks

the Court to reopen the case, review his ERISA claim under a de novo standard of review, and award

him disability benefits. Dkt. # 37.  The Plan responds that it has provided the clarification required

by the Court's remand order, and plaintiff's complaint about the timeliness of the Plan's decision

is moot.  Dkt. # 39.  The Plan also argues that it unnecessary for the Court to reopen the case,

because there is no possibility that plaintiff can show that he is entitled to disability benefits under

any standard of review.   <u>Id.</u> at 8-10.  The parties are advised that plaintiff's motion to reopen the

case is not an appropriate vehicle to consider the merits of plaintiff's ERISA claim, and the Court

will not consider either party's arguments concerning whether plaintiff should be awarded disability

benefits.  The sole issue before the Court is whether the case should be reopened for further

proceedings on plaintiff's ERISA claim.

Plaintiff filed this case asserting an ERISA claim following the denial of his claim for short term disability benefits.  Plaintiff had filed a mandatory appeal to the claims administrator, Cigna Group Insurance (Cigna), as well as a second voluntary appeal to the Plan before filing this case. The parties disputed whether the Plan's decision on plaintiff's second voluntary appeal was the final decision on his claim for disability benefits, and the Court ultimately agreed with plaintiff that this was the final decision on plaintiff's benefits claim.  On December 22, 2023, the Court remanded the case to allow the plan administrator to clarify the basis for its decision, but the Court did not offer any opinion on the merits of plaintiff's ERISA claim.  Dkt. # 29.  On January 11, 2024, plaintiff's counsel contacted the plan administrator to find out when it expected to provide the required clarification, and the Matthew Sheridan, an attorney for defendant, advised plaintiff's counsel that the clarification would be issued by "mid to late February."  Dkt. # 39-1, at 2.  Plaintiff's counsel did not respond to Sheridan's e-mail and he never advised defendant that he believed the Plan was required to issue the clarification sooner.  On February 12, 2024, plaintiff filed a motion (Dkt. # 37) to reopen the case, and he claimed that the Plan had violated the Court's remand order by failing to issue a decision with 45 days of the order.  Plaintiff cites 29 C.F.R. § 2560.503.1, which gives benefits plans 45 days to issue a decision on initial claims and mandatory appeals, and he claims that it constitutes a procedural irregularity for defendant to fail to comply with the Court's remand order within 45 days.  Dkt. # 37, at 2.  Based on this "procedural irregularity," plaintiff asks the Court to reopen the case, review his benefits claim under a de novo standard of review, and award him benefits without any additional briefing from the parties.  Dkt. # 37, at 5-6.  On February 22, 2024, the Plan sent a letter to plaintiff's counsel clarifying the basis for the denial of plaintiff's second voluntary appeal.  Dkt. # 39-2.

The failure of a plan administrator to issue a decision on an initial benefits claim or a mandatory appeal within the 45 day deadline imposed by § 2560.503.1 sometimes constitutes a procedural irregularity and, as a result of this procedural irregularity, courts have given no deference to the plan administrator's decision to deny the plaintiff's claim for benefits in some circumstances. Gilbertson v. Allied Signal, Inc., 328 F.3d 625 (10th Cir. 2003); Coats v. Reliance Standard Life Ins. Policy, 2017 WL 1536229 (N.D. Okla. Apr. 27, 2017);  However, a plan administrator's decision is not automatically subject to de novo review merely because it is untimely, and a court must consider whether the plan has substantially complied with the procedural requirements of ERISA. Gilbertson, 328 F.3d at 634-35.  In Gilbertson, the plan administrator never issued a decision and the plaintiff's benefits claim was "deemed denied" under an older version of § 2560.503.1.  Id. at 634-36. The Tenth Circuit has distinguished Gilbertson from situations in which the plan's decision was merely untimely instead of non-existent.  LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment and Dependent Life Insurance Plan, 605 F.3d 789 (10th Cir. 2010).

Plaintiff argues that § 2560.503.1 also applies to remand orders, and he asks the Court to find that the Plan's failure to comply with the remand order within 45 days constitutes a procedural irregularity. Dkt. # 37, at 3.  In Solnin v. Sun Life & Health Ins. Co., 766 F. Supp. 2d 380 (E.D.N.Y. 2011), the district court remanded an ERISA claim for further consideration due to multiple errors in the plan administrator's decision making process, and the plan administrator was directed to consider additional evidence and apply the language of the plan in a manner that was not arbitrary and capricious.  Id. at 386-87.  The court determined that § 2560.503.1 was applicable to its remand order, but the court found that it was premature to determine whether it was appropriate to review plaintiff's ERISA claim under a de novo standard of review.  Id. at 399.  Plaintiff cites Robertson

3

v. Standard Ins. Co., 218 F. Supp. 3d 1165 (D. Or. 2016), in which the plan administrator failed to issue a new decision almost a year after the district court had entered a remand order. Id. at 1167. The district court determined that the plaintiff was deemed to have exhausted her administrative remedies and was entitled to judicial review due to the plan administrator's failure to issue a decision on remand. Id. at 1171. However, the district court made no finding as to the standard of review when the case was reopened. Id. Finally, plaintiff cites Henry v. Principal Life Ins. Co., 2006 WL 1967374 (N.D. Okla. 2006), for the proposition that the procedural requirements applicable to review of ERISA claims apply to a court-ordered remand.

The cases cited by plaintiff are distinguishable from this case. The Court did remand the case for further administrative proceedings, but the Court did not order the plan administrator to reconsider its prior decision or even consider additional evidence. Instead, the Court remanded the case to allow the Plan to supplement the rationale and reasoning for its decision to deny plaintiff's second voluntary appeal, and the Court did not remand the case for a "full and fair review" of plaintiff's benefits claim. The Court did not expressly or impliedly suggest that the time limits under § 2650.503.1 were applicable, nor did the Court impose a specific deadline for compliance with the remand order. The Plan has issued a letter clarifying the basis for the denial of plaintiff's second voluntary appeal. Dkt. # 39-2. The Court also notes that plaintiff's counsel was aware of the Plan's proposed time frame for issuing a decision by "mid to late February" 2024, and plaintiff's counsel failed to notify the Plan that he believed the Plan was obligated to issue a decision within 45 days of the Court's ruling. Dkt. # 39-1. Plaintiff would likely have received clarification for the basis of the denial of his benefits claim sooner if his attorney had advised defendant that would be asking the Court to enforce the 45 day deadline imposed by § 2650.503.1. Instead, plaintiff's counsel allowed

4

the Plan to proceed under its proposed schedule, and plaintiff now argues that he is entitled to a more favorable standard of review due to the Plan's untimely decision.  Plaintiff's counsel should have promptly advised the Plan that he believed that § 2560.503.1 was applicable to the remand order and he had a clear opportunity to do so, and there is at least an appearance of gamesmanship in the manner in which plaintiff has sought to reopen the case.  Even if plaintiff is correct that § 2560.503.1 applies to the remand order, the Plan substantially complied with the Court's order and plaintiff was not prejudiced by the brief delay in the Plan's issuance of the letter clarifying the basis for the denial of plaintiff's second voluntary appeal.

Plaintiff's motion (Dkt. # 37) is denied to the extent that he is seeking de novo review of his ERISA claim.  However, plaintiff's request to reopen the case is appropriate in light of the Plan's compliance with the remand order.  It would make little sense to require plaintiff to file a new ERISA claim and have the case assigned to a new judge who is unfamiliar with the case, and plaintiff's request to reopen the case should be granted.  The Court has reviewed the parties' pre-remand briefing, and much of the briefing concerns the reasonableness of Cigna's decision on plaintiff's first mandatory appeal.  Cigna's decision is no longer the final decision on plaintiff's benefits claim and, in particular, the briefing does not address the standard of review applicable to the Plan's decision on plaintiff's second voluntary appeal.  The Court will enter a briefing schedule after the case is reopened to ensure that the parties are permitted to raise all relevant arguments applicable to the Court's review of plaintiff's ERISA case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Case and Brief in Support (Dkt. # 37) is **granted in part** and **denied in part**.  The motion is granted to the extent that plaintiff asks the Court to reopen his case.  However, plaintiff's request for de novo review of his benefits claim and his request to award him benefits are denied.

**IT IS FURTHER ORDERED** that this case is **reopened**.  The Court will enter a briefing schedule.

**DATED** this 29th day of March, 2024.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

6